In re WHITE.

(District Court, M. D. Pennsylvania. February, 1913.)

1. BANKRUPTCY (§ 116\*)—GOODS IN CUSTODY OF CARRIER—RIGHTS OF RECEIVER.

Where a bankrupt, on the day demand was made by a receiver in bankruptcy for the delivery of goods consigned to the bankrupt in the hands of a carrier for delivery, would have been entitled to possession on payment of the freight as against the carrier, had bankruptcy not inter-

vened, the bankrupt's receiver was entitled to ·possession of the goods, as provided by Bankr. Act July 1, 1898, c. 541, § 3, 30 Stat. 546, 547 (U. S. Comp. St. 1901, p. 3422) cl. 2, on the same conditions, and the wrongful refusal of the carrier's agent to deliver the goods made him the agent or custodian for the receiver, sufficient to terminate the right of stoppage in transitu.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

2. BANKRUPTCY (§ 116*)—STOPPAGE IN TRANSITU—GOODS IN POSSESSION OF AGENT.

Where goods sold are in the custody of the servant or agent of a carrier at destination, notice of the seller's election to exercise his right of stoppage in transitu, delivered to the carrier's agent at the point of shipment, but not in time to be communicated with reasonable dispatch to the agent holding the goods at the point of destination before lawful demand made for delivery of the goods by the buyer's receiver in bankruptcy, was insufficient to constitute an effective exercise of the buyer's right of stoppage.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

In Bankruptcy. In the matter of bankruptcy proceedings of one White. On exceptions to the report of the special master, dismissing a petition of Goldstein & Perlman for the recovery of certain merchandise shipped to the bankrupt, as to which claimants claimed to have exercised their right of stoppage in transitu. Affirmed.

Ames & Hammond, of Williamsport, Pa., for exceptions.

A. R. Jackson and M. C. Rhone, both of Williamsport, Pa., for receiver.

WITMER, District Judge. The petitioners, Goldstein & Perlman, are seeking to recover from the bankrupt's receiver, C. Edmond Gilmore, possession of four cases of ladies' hats shipped to the bankrupt March 26, 1912. The cases arrived at Williamsport in due course from Pittsburgh on April 6th. Meantime, April 4th, an involuntary petition in bankruptcy was filed, and the receiver was appointed. On April 8th the receiver went to the freight station of the Pennsylvania Railroad Company, at Williamsport, and demanded delivery of this particular property consigned to the bankrupt, offering and tendering payment of the freight charges due. The chief clerk in charge of the property refused delivery, solely upon the ground of having been advised that execution against White, the bankrupt, had been placed in the hands of the sheriff. The rules of the company demand that under such circumstances the property be held and consignor advised. The next day, April 9th, the receiver obtained an order from the court directing the company to deliver the property to him, which was not done until nine days thereafter.

[1] The bankrupt would, on the day and at the time the receiver made his demand for the property, have been entitled to its possession on payment of freight charges as against the carrier, had bankruptcy not intervened; hence the receiver, delegated by the court, under section 3, cl. 2, Bankr. Act July 1, 1898 (30 Stat. 546, 547, c. 541 [U. S. Comp. St. 1901, p. 3422]), as the caretaker or custodian of the effects, was, on like conditions entitled to the same, and a wrongful

refusal by the carrier, if such it was, made him the agent or custodian for the receiver, shifting possession and vesting title accordingly, thereby terminating the right of stoppage in transit.

"After wrongful refusal to deliver the goods, the carrier is considered as holding the goods as agent or bailee of the buyer, and the right of stoppage thereupon terminated." Benj. on Sales, vol. 1, p. 481.

Whether the refusal of the carrier's agent to deliver was wrongful is determined by the acts of the consignors. There must be some act on their part indicative of their intention to repossess themselves of the goods, and exactly what they did and the result of their effort is of importance. That they had a right to the goods before delivery, actual or constructive, is not disputed. However, it is denied that notice to the carrier at the Pittsburgh office is in itself sufficient, provided such notice was not and could not be reasonably communicated to the carrier's agent in charge of the property at Williamsport before actual delivery, or proper demand made for such delivery.

[2] It has often been held that, when the goods are in the custody of the servant or agent, notice to the principal must be in time by use of reasonable diligence to prevent the delivery to the vendee. While it may be said that this has generally been applied to contests between consignor and carrier, it nevertheless serves to indicate that notice to the principal, not in immediate possession of the goods, is not to be regarded as in itself sufficient. The notice must be communicated to the person in charge, or served on the principal in time to permit of such. Something more remains to be done. To hold otherwise would, indeed, entail great hardship upon carriers, involving them often in loss, and rendering their duties precarious, thereby necessarily impeding the dispatch of business.

The carrier was requested by the shipper, through letter addressed to the Duquesne freight station at Pittsburgh, to stop delivery of the goods at Williamsport. The letter reached its destination at Pittsburgh upon the day the receiver made his demand upon the agent at Williamsport, possibly an hour or so before. Was this sufficient to justify stoppage at Williamsport when delivery was refused? I think not; the agent at Williamsport had not then, and in fact for several days thereafter did not have, any knowledge of the request made of the carrier. His refusal was not based on the consignors' demand to stop delivery. It was in pursuance of the rule of the company not to deliver when the property of consignee of goods is, to their knowledge, under levy by sheriff's execution. The refusal by the agent, therefore, being unwarranted, possession passed to the receiver, and title vested.

The claimant's petition is dismissed, as recommended by the special master.